ROBERT WISNIEWSKI
ROBERT WISNIEWSKI P.C.
Attorneys for Plaintiff
225 Broadway, Suite 1020
New York, NY 10007
(212) 267-2101

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

DANIEL KLIGER on behalf of himself
and on behalf of all others similarly situated,

                             Plaintiff,

-against-

LIBERTY SAVERITE SUPERMARKET INC.,
and, USHER JALAS

                             Defendants.

------------------------------------------------------------------X

**Docket No:**

**COLLECTIVE/CLASS ACTION**

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff Daniel Kliger ("Plaintiff"), on behalf of himself and on behalf of all others similarly situated, by his attorneys, Robert Wisniewski P.C., as and for his Complaint against the Defendants, Liberty SaveRite Supermarket Inc. ("SaveRite" or "Corporate Defendant"), and Usher Jalas ("Jalas" or "Individual Defendant") (Corporate Defendant and Individual Defendant are, collectively, "Defendants"), states as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated to recover unpaid wages, unpaid overtime wages, liquidated damages and reasonable attorneys' fees and costs under the Fair Labor Standards Act of 1938, as

1

amended (29 U.S.C. § 201, et seq.) ("FLSA") and the various wage orders promulgated by the U.S. Department of Labor and codified in 29 C.F.R. § 552 et. seq., New York Labor Law Articles 6 and 19, and § 198-b and §193, and §196-d ("New York Labor Law"), the New York State common law and various wage orders promulgated by the New York State Department of Labor and codified in 12 N.Y.C.R.R. §§ 137-143.

2. Plaintiff also brings this action against Defendants on behalf of himself and on behalf of all others similarly situated for Defendants' failure to comply with the New York Labor Law ("NYLL") §195, which as of February 1, 2011 has mandated that employers, Defendants included, provide at the time of hiring, and on an annual basis, wage notices which specifies, among others, the employee's wage rate, the frequency of wage payments, the designated pay day and other information set forth in the statute. Plaintiff seeks statutory weekly damages of either $25.00 or $50.00 as the case may be up to a maximum of $2,500.00 or $5,000.00, as the case may be, per employee as well as other damages and attorneys fees and costs and disbursements.

3. Corporate Defendant is in the business of providing kosher grocery items and produce to customers.

4. Plaintiff was employed by Defendants during the summers of 2014 and 2015 as a bagger, but also performed work and services as, *inter alia*, cashier, stock, warehouse worker, and helper.

5. Plaintiff regularly worked over 40 hours per week for Defendants, but was not compensated properly for all of the hours he worked and was not properly

compensated for overtime hours at the premium rate.

## PARTIES, JURISDICTION AND VENUE

6. Plaintiff, at all relevant times herein, was and is a resident of the State of New York, Kings County.

7. Corporate Defendant, at all relevant times herein, was and is a corporation duly organized under, and existing by virtue of, the laws of the State of New York and having its principal place of business at 1885 Route 52, Liberty, New York, 12754.

8. Upon information and belief, Defendant Jalas, at all relevant times herein, was and is a resident of the State of New York, Kings County.

9. Individual Defendant is an owner, director, officer, and/or manager of the Corporate Defendant, and as one of the ten largest shareholders is individually responsible for unpaid wages under the New York Business Corporation Law (**Exhibit 1**).

10. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, in that this action arises under the FLSA and 28 U.S.C. §1337 (Regulation of Commerce).

11. This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367, because those claims are related to Plaintiff's federal claims and form part of the same case or controversy.

12. Defendants engage in an enterprise whose annual volume of sales made or business done is not less than $500,000.00, the activities of which affect interstate commerce in that their employees handle goods and materials that have been manufactured or produced outside of New York that have moved in interstate commerce, and

Defendants are thus employers subject to the jurisdiction of the FLSA.

13. This Court has personal jurisdiction over Defendant SaveRite in that it is incorporated in the State of New York.

14. This Court has personal jurisdiction over Defendant Jalas in that he is a citizen and resident of New York.

15. Venue is proper pursuant to 28 U.S.C. §1391(b) because Defendant Julas resides in this District and because all Defendants are resident of New York.

## JURY DEMAND

16. Plaintiff demands a trial by jury of all issues so triable in this action.

## FACTUAL BACKGROUND

*Facts Relating to Plaintiff's Employment and Defendants' Overtime Violations*

17. Plaintiff was a summer employee of Defendants in the years 2014 and 2015. On or about July 2014, Plaintiff and Defendants entered into an oral contract, whereby he would provide work as a bagger for Defendants in exchange for a specific hourly wage of $8.75.

18. Plaintiff performed labor and services as a bagger until the end of August 2014, as defined by the FLSA and the New York Labor Law and regulations promulgated by the New York State and the U.S. Department of Labor's Wage and Hour Divisions, but Plaintiff has not received the compensation required by the FLSA, the New York Labor Law and/or the common law of the State of New York. As such, Plaintiff was a person covered by, and/or intended to benefit from, the provisions of the Fair Labor Standards Act, New York Labor Law, and/or the common law of the State of New York in respect

to his work for Defendants.

19. As a bagger, Plaintiff's regular job duties included, but were not limited to, bagging groceries and assisting customers. In addition to his regular duties, Plaintiff would frequently work at the registers as a cashier, in the warehouse to stock, and in the aisles as a helper.

20. Plaintiff regularly worked five days a week, Wednesday through Sunday, with days off on Monday and Tuesday.

21. On Wednesday Plaintiff worked from 6 to 8 hours a day. On Thursday, Plaintiff worked from 13 to 16 hours a day. On Friday, Plaintiff worked from 10 to 12 hours. On Saturday, Plaintiff worked from 8 to 10 hours a day, and on Sunday, Plaintiff worked from 6 to 8 hours a day.

22. In total Plaintiff worked approximately a minimum of 43 hours and as many as 54 hours a week, but was not paid at the overtime premium rate for the hours worked in excess of 40.

23. Next summer of June 2015, Plaintiff and Defendants entered into an oral contract, whereby Plaintiff would provide work as a bagger for Defendants in exchange for a specific hourly wage of $9.50.

24. Plaintiff regularly worked six days a week, Monday through Friday and on Sunday. Plaintiff was off on Saturday.

25. Monday through Wednesday, Plaintiff worked from 10 to 13 hours a day. On Thursdays, Plaintiff worked from 13 to 16 hours a day. On Friday, Plaintiff worked from 8 to 10 hours. On Sunday, Plaintiff worked from 14 to 17 hours a day.

26. In total the Plaintiff worked a minimum of 65 hours and as many as 82 hours a week, but was not paid at the overtime rate for the hours worked in excess of 40.

27. Plaintiff worked in excess of 40 hours per week but was not paid the proper overtime rate under Federal and New York State law.

28. Defendants compensated Plaintiff in two ways. First, Defendants issued Plaintiff checks reflecting the first 40 hours he worked per week. Then, Defendants paid Plaintiff in cash, at his regular rate, for all hours worked in excess of 40 per week. However, the amounts that Defendants paid to Plaintiff did not fully compensate him for all hours worked in excess of 40 per week.

29. When Plaintiff demanded that Jalas pay him the correct amount owed, Jalas stated "Come back next time."

30. Plaintiff would demand his money after each shift and Jalas would often state "Remind me later in the week."

31. Jalas never fully compensated Plaintiff for the work he performed in excess of 40 hours per week.

32. Plaintiff brings this action on behalf of himself and all other persons who were or are employed by the Corporate Defendant but did not receive the compensation required by the FLSA and the federal wage orders codified in 29 C.F.R. § 552 et. seq. in respect to their work for Defendants.

33. Upon information and belief, this class of persons consists of not less than forty (40) persons.

34. Specifically, this class consists of Eric Portnoy and Tobin Nestoiter (cashiers), Larry

Elentuhk and Kevin (last name unknown), who worked in the produce section at Defendants' supermarket, and the remaining class members who are employed in the same or similar positions.

35. The remaining class members consist of cashiers, warehouse workers, aisle stockers, baggers, customer service representatives, boxers, and produce workers who routinely worked at Defendants' supermarket for more than forty hours in a workweek.

36. Class members worked in excess of forty hours per week, but were not paid at the premium overtime rate for all hours worked in excess of forty and often were not paid for all hours worked.

37. There are questions of law and fact common to the class specifically whether the employment of the Plaintiff by the Corporate Defendants is subject to the jurisdiction and the wage and overtime requirements of the FLSA and the federal wage orders codified in 29 C.F.R. § 552 et. seq. Only the amount of individual damages sustained by each class member will vary.

38. Plaintiff and Defendants' other employees are similarly situated insofar as Defendants instituted a policy to not pay Plaintiff and others similarly situated proper overtime wages.

39. Plaintiff brings the second claim for relief herein on behalf of herself individually and all others similarly situated as a collective action pursuant to the FLSA, in respect to all claims that Plaintiff and all others similarly situated have against Defendants as a result of Defendants' violations of the FLSA.

## CLASS ALLEGATIONS UNDER FEDERAL RULES OF CIVIL PROCEDURE 23(b)(2) AND 23(b)(3) FOR VIOLATIONS OF NEW YORK LABOR LAW

40. Plaintiff also brings this action on behalf of herself and all other persons who were or are employed by the Corporate Defendant but did not receive the compensation required by the common law of the State of New York and New York Labor Law in respect to their work for Defendants.

41. Upon information and belief, this class of persons consists of not less than forty (40) persons.

42. Specifically, this class consists of Eric Portnoy and Tobin Nestoiter (cashiers), Larry Elentuhk and Kevin (last name unknown), who worked in the produce section at Defendants' supermarket, and the remaining class members who are employed in the same or similar positions.

43. The remaining class members consist of cashiers, warehouse workers, aisle stockers, baggers, customer service representatives, boxers, and produce workers who routinely worked at Defendants' supermarket for more than forty hours in a workweek.

44. There are questions of law and fact common to the class specifically whether the employment of the Plaintiff by the Corporate Defendants is subject to the jurisdiction and the wage and overtime requirements of the New York Labor Law and the common law of New York . Only the amount of individual damages sustained by each class member will vary.

45. The claims of the Plaintiff are typical of the claims of the above-described class in that all of the members of the class have been similarly affected by the acts and practices of the Defendants.

46. The Plaintiff will fairly and adequately protect the interests of the members of the class, in that her interests are not adverse to the interests of the other members of the class.

47. A class action is superior to other available methods for the fair and efficient adjudication of the controversy under the standards of Fed. R. Civ. P. 23 (b)(3).

48. Plaintiff brings the fourth claim for relief herein on behalf of herself individually and all others similarly situated as a class action pursuant to Federal Rule of Civil Procedure 23, in respect to all claims that Plaintiff and all persons similarly situated have against Defendants as a result of Defendants' violations under the New York Labor Law and the common law of the State of New York.

*Class Allegations Relating to Defendants' Violations of New York Labor Law § 195.1*

49. In accordance with the New York Labor Law §195.1, which is operative as of January, 2011, at the time of hiring, and on an annual basis, Defendants had to present for signature to each employee a wage notice, which had to contain the following wage rate information: (i) the basis of the employee's wage rates, e.g., by the hour, shift, day, week, salary, piece commission or otherwise; (ii) the overtime rate of pay, if the employee is subject to overtime regulations; (iii) whether the employer will claim allowances such as tips, meals, and/or lodging against the minimum wage; (iv) the employer's name and any "doing business as" names; (v) the employer's address and mailing address, if different; and (vi) the employer's telephone number (the "Wage Notice").

50. Plaintiff never received and never signed the Wage Notice.

51. Upon information and belief, Defendant Jalas never presented the Wage Notice to any

of the Corporate Defendant's employees.

52. Upon information and belief, Defendants continue to violate NYLL §195.1 to date.

53. Plaintiff brings this action on behalf of himself and all other persons who were or are employed by the Corporate Defendant but did not receive the Wage Notice as required by the New York Labor Law §195.1.

54. Upon information and belief, this class of persons consists of not less than forty (40) persons, and the class is thus so numerous that joinder of all members is impracticable under the standards of Fed. R. Civ. P. 23 (a)(1).

55. Specifically, this class consists of Eric Portnoy and Tobin Nestoiter (cashiers), Larry Elentuhk and Kevin (last name unknown), who worked in the produce section at Defendants' supermarket, and the remaining class members who are employed in the same or similar positions.

56. The remaining class members consist of cashiers, warehouse workers, aisle stockers, baggers, customer service representatives, boxers, and produce workers who routinely worked at Defendants' supermarket for more than forty hours in a workweek.

57. There are questions of law and fact common to the class which predominate over any questions affecting only individual members, specifically: whether the employment of the Plaintiff by the Defendants is subject to the jurisdiction and the requirements of the New York Labor Law and whether Defendants presented the Wage Notice to Plaintiff and each class member at hiring, and, on an annual basis, as required by §195.1 of the New York Labor Law. Only the amount of individual damages sustained by each class member will vary.

58. The claims of the Plaintiff are typical of the claims of the above-described class in that all of the members of the class have been similarly affected by the acts and practices of the Defendants.

59. Plaintiff will fairly and adequately protect the interests of the members of the class, in that their interests are not adverse to the interests of the other members of the class.

60. A class action is superior to other available methods for the fair and efficient adjudication of the controversy under the standards of Fed. R. Civ. P. 23 (b)(3).

61. Plaintiff brings the fifth claim for relief herein on behalf of himself and all persons similarly situated as a class action pursuant to Federal Rule of Civil Procedure 23, in respect to all claims that Plaintiff and all persons similarly situated have against Defendants as a result of the Defendants' violations of the NYLL §195.1.

***Defendants' Failure to Pay Proper Wages was Willful***

62. Defendants as employers have certain statutory obligations towards employees, including: 1) paying employees for each hour worked, and paying the overtime premium of one-and-a-half times their regular rate for each hour worked in excess of 40 per week, and 2) to make, keep, and preserve proper payroll records.

63. Upon information and belief, Defendants were aware of their requirement to pay Plaintiff for each hour worked, and to pay the overtime premium of one-and-a-half times his regular rate for each hour worked in excess of 40 per week.

64. Nevertheless, Defendants failed to pay Plaintiff his proper wage rates, including overtime wages.

65. As such, the various violations of the law which are alleged herein were committed

intentionally and willfully by the Defendants.

66. At the very least, Defendants failed to take any steps to ascertain their duties with respect to the payment of wages to employees.

*Facts Regarding Defendants' Status as Joint Employers*

67. Individual Defendant had control over the conditions of Plaintiff's employment, his work schedule, the rates and methods of payment of his wages, and the maintenance of his employment records.

68. At all relevant times herein, Individual Defendant was and still is an owner, director, officer, manager, employee and/or agent of Corporate Defendant and conducted business as Corporate Defendant.

69. At all relevant times herein, Individual Defendant directly managed, handled or was responsible for the payroll and/or payroll calculations and signing or issuing checks to Plaintiff. By virtue of his positions with Corporate Defendant, Individual Defendant was responsible for the management and handling of the payroll and human resources decisions of Corporate Defendant, including decisions to hire and fire employees.

70. At all relevant times herein, Individual Defendant had operational control of Plaintiff's employment by virtue of his financial control over Corporate Defendant and therefore Plaintiff's wages, and because he hired and fired managerial employees who supervised Plaintiff's employment.

71. To Plaintiff's knowledge and based upon his personal interactions with the Individual Defendant, Individual Defendant was the "decision maker" of Corporate Defendant, and had control over every aspect of Plaintiff's employment.

12

72. At all relevant times herein, Individual Defendant has conducted business as the Corporate Defendant.

73. At all relevant times herein, Individual Defendant has acted for and on behalf of Corporate Defendant, with the power and authority vested in him as officer, agent, and employee of Corporate Defendant, and has acted in the course and scope of his duties and functions as agent, employee, and officer of Corporate Defendant.

74. Individual Defendant has willfully and intentionally acted to violate the laws, rules, regulations, statutes and wage orders alleged herein, and by doing so and by virtue of his position as shareholder, director, officer and/or manager of Corporate Defendant, has assumed personal liability for Plaintiff's claims.

75. As a matter of economic reality, Defendants are joint employers of Plaintiff; and, as a result, Defendants, individually and collectively, and jointly and severally, are liable for all claims made herein.

*Corporate Defendant is the Alter Ego of Individual Defendant*

76. Upon information and belief, in conducting the affairs of Corporate Defendant, Individual Defendant failed to comply with the required corporate formalities, including recordkeeping, governance requirements, and other formalities.

77. Upon information and belief, Individual Defendant used the assets of Corporate Defendant as his own, and otherwise commingled personal assets with the assets of Corporate Defendant. As alleged herein, Individual Defendant used Corporate Defendant in order to circumvent a statute or statutes, or accomplish other wrongful acts or in furtherance of other wrongful or inequitable purposes.

78. Corporate Defendant is the alter-ego of Individual Defendant; and, as will be established at

trial, for the purpose of the claims made by Plaintiff herein, Corporate Defendant has no separate legal existence from Individual Defendant. As such, Corporate Defendant and Individual Defendant, individually and collectively, and jointly and severally, are liable for all claims made herein.

### FIRST CLAIM FOR RELIEF
### (Breach of Contract against all Defendants- Class Action)

79. Plaintiff repeats and realleges each and every allegation previously made as if fully set forth herein.

80. Plaintiff entered into a series of oral agreements with Defendants to supply work and services, in exchange for specified amounts of payment.

81. Plaintiff satisfactorily supplied labor in connection with, and in furtherance of, the work required by Defendants; and in doing so, complied with the terms of his agreement with Defendants.

82. Nevertheless, Defendants repeatedly failed or refused to pay Plaintiff the full amount of the agreed-upon payment for his work for Defendants.

83. Defendants' failure or refusal to pay Plaintiff the full amount of the agreed-upon payments constituted breach of Plaintiff's contract with Defendants.

84. By virtue of the foregoing breach of contract by Defendants, Plaintiff has been damaged in an amount to be proven at trial, based upon the difference between the promised payments and the amounts Plaintiff was actually paid, together with an award of interest, costs, disbursements, and attorneys' fees.

### SECOND CLAIM FOR RELIEF
### (FLSA against all Defendants- Collective Action)

85. Plaintiff repeats and realleges each and every allegation previously made herein.

14

86. Plaintiff brings this claim for relief on behalf of himself and on behalf of others similarly situated pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 206 and § 207, and the Wage Orders issued under the FLSA at 29 C.F.R. § 500 et seq. Plaintiff and others similarly situated were entitled to a minimum wage and an overtime hourly wage of time and one-half their regular hourly wage for all hours worked in excess of forty hours per week.

87. Plaintiff and others similarly situated worked more than forty hours per week for the Defendants, and Defendants willfully failed to make said minimum wage and/or overtime payments.

88. Plaintiff and others similarly situated seek a judgment for unpaid overtime wages, such sums to be determined based upon an accounting of the hours worked by, and wages actually paid to, Plaintiff and others similarly situated, and Plaintiff and others similarly situated also seek an award of liquidated damages, attorneys' fees, interest and costs as provided for by the FLSA.

## THIRD CLAIM FOR RELIEF
### (Quantum Meruit against all Defendants- Class Action)

89. Plaintiff repeats and realleges each and every allegation previously made as if fully set forth herein.

90. Plaintiff performed work and services at Defendants' request and direction as a bagger for Defendants' grocery store.

91. Defendants, by employing Plaintiff, voluntarily accepted Plaintiff's services, and benefitted therefrom.

92. Plaintiff had a reasonable expectation of payment for his labor, but Defendants failed to

remunerate Plaintiff for all the hours he worked.

93. Therefore, Plaintiff is entitled to payment for the unpaid hours he worked for Defendants at a rate which constitutes the reasonable value of his services, less amounts actually paid to Plaintiff, together with an award of interest, costs, disbursements, and attorneys' fees.

## FOURTH CLAIM FOR RELIEF
### (N.Y. Labor Law against All Defendants- Class Action)

94. Plaintiff repeats and realleges each and every allegation previously made herein.

95. Pursuant to the N.Y. Labor Law Articles 6 and 19, Labor Law § 198 and the wage orders issued under the N.Y. Labor Law at 12 N.Y.C.R.R. §§ 137-146, Plaintiff and others similarly situated were entitled to certain hourly minimum wages, overtime wages, and other wages, all of which the Defendants intentionally failed to pay in violation of such laws.

96. Wherefore Plaintiff and others similarly situated seek a judgment against the Defendants for all wages which should have been paid, but were not paid, pursuant to the New York Labor Law and the Wage Orders issued thereunder and the other provisions of the Labor Law; the total amount of such unpaid wages to be determined at trial upon an accounting of the hours worked by, and wages paid to, Plaintiff and others similarly situated, along with an award of attorneys' fees, interest and costs as provided under New York Labor Law § 198 and § 663.

## FIFTH CLAIM FOR RELIEF
### (Violation of New York Labor Law §195.1 against all Defendants- Class Action)

97. Plaintiff repeats and realleges each and every allegation previously made herein.

98. New York Labor Law §195.1 mandates as of January 2011 that each employee employed by Defendants on an annual basis receive for signature a Wage Notice, which had to

contain the following wage rate information: (i) the basis of the employee's wage rates, e.g., by the hour, shift, day, week, salary, piece commission or otherwise; (ii) the overtime rate of pay, if the employee is subject to overtime regulations; (iii) whether the employer will claim allowances such as tips, meals, and/or lodging against the minimum wage; (iv) the employer's name and any "doing business as" names; (v) the employer's address and mailing address, if different; and (vi) the employer's telephone number.

99. Plaintiff brings this action on behalf of himself and all other persons who were or are employed by the Corporate Defendant but did not receive the Wage Notice as required by the NYLL §195.1.

100. Neither Plaintiff nor other employees similarly situated ever received and signed the Wage Notice.

101. Upon information and belief, Defendants' violations are continuing through the present.

102. As a result of Defendants' violation of NYLL §195.1, Plaintiff and others similarly situated are entitled to statutory damages of $25 or $50 per week up to $2,500 or $5,000 as provided for by NYLL §195.1.I found a case in jury verdicts and settlements.

WHEREFORE, it is respectfully requested that the Court assume jurisdiction herein and thereafter Plaintiff demands a trial by jury and judgment for Plaintiff and the class against Defendants as follows:

    a. Back pay and front pay, and all benefits to which Plaintiff was entitled;

    b. Accounting of hours worked and wages paid and, upon such accounting, compensatory damages;

    c. Statutory damages of $25 or $50 per week up to $2,500 or $5,000 as

        provided for by NYLL §195.1;

    d.    Liquidated damages pursuant to the the FLSA and NYLL;

    e.    Punitive damages;

    f.    Pre-judgment interest; and

    g.    Plaintiff's costs and disbursements and reasonable attorneys' fees;

Together with such other and further relief that the Court deems just.

Dated: New York, New York
       April 26, 2017

                            ROBERT WISNIEWSKI P.C.

                      By: _____/s/_____
                           Robert Wisniewski
                           Attorneys for Plaintiff
                           225 Broadway, Suite 1020
                           New York, New York 10007
                           (212) 267-2101