UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DANIEL KLIGER on behalf of himself and on
behalf of all others similarly situated,

                        Plaintiff,          **REPORT AND RECOMMENDATION**

    -against-                       **17-CV-02520 (FB) (ST)**

LIBERTY SAVERITE SUPERMARKET INC.,
and USHER JALAS,

                        Defendants.
------------------------------------------------------------X
**TISCIONE, United States Magistrate Judge:**

       Plaintiff Daniel Kliger ("Plaintiff" or "Kliger") brought this action on April 26, 2017,

asserting several claims under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* (the

"FLSA"), and the New York Labor Law (the "NYLL") against Defendants Liberty Saverite

Supermarket Inc. ("Saverite" or "Corporate Defendant") and Usher Jalas ("Jalas" or "Individual

Defendant").  *See* Dkt. No. 1 ("Compl." or the "Complaint").  Following Saverite's and Jalas's

failure to appear, answer, or otherwise respond to the Complaint despite proper service (Dkt.

Nos. 8, 12 (Executed Summonses)), Plaintiff filed a request for a certificate of default against

Defendants from the Clerk of the Court on August 23, 2017.  Dkt. No. 14.  The Clerk of the

Court entered a default against Saverite and Jalas on August 24, 2017.  Default Entries dated

Aug. 24, 2017.  On February 9, 2018, Plaintiff moved for default judgment against Saverite and

Jalas, seeking damages for FLSA and NYLL violations, liquidated damages, prejudgment

interest, attorney's fees, and costs.  *See* Dkt. Nos. 15; 15-1 ("Wisniewski Decl.") ¶ 20.  On

February 13, 2018, District Judge Frederic Block referred the motion to me for a report and

recommendation.

Based on a review of the well-pleaded allegations and evidence presented in Plaintiff's filings, I respectfully recommend that the Court grant the motion for default judgment against Defendants Saverite and Jalas and enter a total award in the amount of $20,494.45, comprising: (i) $9,324.70 in damages and prejudgment interest; (ii) $10,220 in attorney's fees; and (iii) $949.76 in costs.

## I.    BACKGROUND[1]

Plaintiff is a former employee of Corporate Defendant Liberty Saverite Supermarket Inc. and Usher Jalas.  Compl. ¶ 17.  At all relevant times, Defendants owned and operated a supermarket located in Liberty, New York.  Dkt. No. 15-9 ("Pl.'s Decl.") ¶ 3.  Plaintiff worked for Defendants during two separate periods: July 2, 2014, through August 31, 2014; and June 28, 2015, through August 31, 2015.  *Id.* ¶¶ 4, 5, 9.  Plaintiff performed various duties for Defendants, including bagging of groceries, assisting as a cashier, stocking items in the warehouse, and helping in the aisles.  *Id.* ¶ 10.

Plaintiff alleges that Defendants managed, handled or were responsible for, the payroll and/or payroll calculations and prepared the cash and checks that constituted the payments for the wages owed to Plaintiff.  Compl. at ¶ 69; Pl.'s Decl. at ¶¶ 24, 25. Further, Plaintiff alleges that Jalas had financial control over Saverite, had the sole power to hire and fire all employees, and alone supervised Plaintiff's work and controlled Plaintiff's work schedule.  Compl. ¶ 70-71; Pl.'s Decl. ¶¶ 24-26.

---

[1] On a motion for default judgment, the Court is "required to accept all of [plaintiff's] factual allegations as true and draw all reasonable inferences in [his] favor." *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009). Thus, the Court "deems all the well-pleaded allegations in the pleadings to be admitted." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 108 (2d Cir. 1997); *see also Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 189 (2d Cir. 2015) (affirming liability of defaulting defendant based upon "the factual allegations in the complaint, combined with uncontroverted documentary evidence submitted by plaintiff[ ]").

Plaintiff regularly worked over forty hours per week, but was not always compensated for the hours he worked in excess of forty, and was never paid the overtime premium rate for any of those hours. *Id.* ¶ 8, 12; Compl. ¶ 22, 28; Dkt. 15-11 ("Damages Calculation Spreadsheet"). On two occasions, Jalas paid Plaintiff in cash for some of the missing wages. Pl.'s Decl. ¶ 15; *see also* Damages Calculation Spreadsheet. Plaintiff also alleges that he did not receive a wage notice in the summer of 2014. Pl.'s Decl. ¶ 28.

In requesting default judgment, Plaintiff asserts claims for (1) unpaid overtime and liquidated damages under the FLSA and NYLL; (2) statutory damages for wage notice violations under NYLL; (3) pre-judgment interest under NYLL; and (4) attorney's fees and costs under NYLL and FLSA. Compl. at 17-18; *see also* Dkt. No. 15-12 ("Default J. Mem.") at 7-11, 13-16. The Complaint asserts other causes of action, including collective action claims. *See, e.g.,* Compl. ¶¶ 40-48 (class allegations); ¶¶ 79-84 (breach of contract claim); ¶¶ 89-93 (quantum meruit claim). Plaintiff never moved to certify a collective action, however, and does not appear to be asserting any of the other causes of action in the Complaint. *See* Default J. Mem.

## II. DISCUSSION

The Federal Rules of Civil Procedure prescribe a two-step process for a plaintiff to obtain a default judgment. First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Second, after a default has been entered against a defendant, and the defendant fails to appear or move to set aside the default under Rule 55(c), the Court may, on a plaintiff's motion, enter a default judgment. Fed. R. Civ. P. 55(b)(2).

Once a defendant is found to be in default, he is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability. *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). However, a court retains the discretion to determine whether a final default judgment is appropriate. *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993); *see also Taylor v. 312 Grand St. LLC*, No. 15 Civ. 5410 (BMC), 2016 WL 1122027, at *3 (E.D.N.Y. Mar. 22, 2016) ("[J]ust because a party is in default, the plaintiff is not entitled to a default judgment as a matter of right.") (internal quotation marks and citations omitted). In light of the Second Circuit's "oft-stated preference for resolving disputes on the merits," default judgments are "generally disfavored." *Enron*, 10 F.3d at 95-96.

Thus, despite a defendant's default, the plaintiff bears the burden of demonstrating that the unchallenged allegations and all reasonable inferences drawn from the evidence provided establish the defendant's liability on each asserted cause of action. *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011); *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981). In other words, "after default . . . it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." *Rolls-Royce PLC v. Rolls-Royce USA, Inc.*, 688 F. Supp. 2d 150, 153 (E.D.N.Y. 2010) (internal quotation marks and citations omitted), *adopted by*, 688 F. Supp. 2d 150, 151 (E.D.N.Y. 2010).

If liability is established as to a defaulting defendant, then the Court must conduct an analysis to establish damages to a "reasonable certainty." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999). When a defendant defaults in an FLSA action, the plaintiff's recollection and estimates of hours worked are presumed to be correct. *Lopez v. Yossi's Heimishe Bakery Inc.*, No. No. 13–CV–5050(FB)(CLP), 2015 WL 1469619, at *3

(E.D.N.Y. Mar. 9, 2015) (citation omitted), *adopted by*, 2015 WL 1469619 (E.D.N.Y. Mar. 30, 2015); *Maldonado v. La Nueva Rampa, Inc.*, No. 10 CIV. 8195 LLS JLC, 2012 WL 1669341, at *3 (S.D.N.Y. May 14, 2012) (absent employer records, employee may establish his right to unpaid wages by relying solely on his recollection).

A.     **Jurisdiction**

For the reasons discussed below regarding the applicability of the FLSA to Defendants' employment of Plaintiff, this Court concludes that federal question jurisdiction exists for Plaintiff's FLSA claims. *See* 28 U.S.C. § 1331. Therefore, this Court concludes that the exercise of supplemental jurisdiction over Plaintiff's state law wage claims is also appropriate. *See* 28 U.S.C. § 1367; *see also Yong Kui Chen v. Wai ? Café Inc.*, No. 10 Civ. 7254 (JCF), 2017 U.S. Dist. LEXIS 121635, at *7 (S.D.N.Y. Aug. 2, 2017) ("In wage and hour cases, 'typically, supplemental jurisdiction is appropriate for NYLL claims during the employment relationship because those claims arise from the same underlying factual basis as FLSA claims.") (quoting *Rivera v. Ndola Pharmacy Corp.*, 497 F. Supp. 2d 381, 393 (E.D.N.Y. 2007)) (alterations omitted).

This Court also finds that it has personal jurisdiction over Defendants.  Defendant Saverite is incorporated in the State of New York.  Compl. ¶ 13.  Defendant Jalas is a citizen and resident of New York.  *Id.* ¶ 14.

B.     **Qualification for Protection Under the FLSA**

The FLSA governs minimum wages, maximum hours, and other policies and practices affecting employees and employers.  *See Sandifer v. U.S. Steel Corp.*, 134 S.Ct. 870, 875 (2014). Under the FLSA, an "employer" is broadly defined to include "any person acting directly or indirectly in the interest of an employer in relation to an employee."  29 U.S.C. § 203(d). An

employee is defined as "any individual employed by an employer."  *Id.* § 203(e)(1).  To be protected by the FLSA's wage and overtime provisions, an employee must demonstrate either that he was "engaged in commerce or in the production of goods for commerce" or that his employer was an "enterprise engaged in commerce or in the production of goods for commerce." *Id.* §§ 203(s)(1), 207(a)(1); *see Lopez*, 2015 WL 1469619, at *3.  The latter enterprise coverage "applies when an enterprise (1) 'has employees engaged in commerce or in the production of goods for commerce,' or 'has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person,' and (2) has annual gross volume of sales made or business done of not less than $500,000." *Galicia v. 63-68 Diner Corp.*, No. 13–cv–03689 (PKC), 2015 WL 1469279, at *2 (E.D.N.Y. Mar. 30, 2015) (quoting 29 U.S.C. § 203(s)(1)(A)).  An individual defendant may be subject to FLSA liability if he exercises "operational control" over the plaintiff-employee.  *Id.*

Saverite meets the definition of an employer under the FLSA.  The allegations in the Complaint suffice to establish that Saverite is a kosher grocery store in Liberty, NY; that Saverite has annual revenues in excess of $500,000; and that Saverite is engaged in interstate commerce through its purchase and sale of goods in furtherance of its grocery business.  Compl. ¶¶ 3, 7, 12; *see Cardoza v. Mango King Farmers Mkt. Corp.*, No. 14–CV–3314 (SJ)(RER), 2015 WL 5561033, at *3-4 (E.D.N.Y. Sept. 1, 2015) (finding supermarket was employer for FLSA purposes because "[i]t is logical to infer that a supermarket's products and produce would have originated outside of New York"), *adopted by*, 2015 WL 5561180 (E.D.N.Y. Sept. 21, 2015); *cf. Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, 33 (E.D.N.Y. 2015) ("As a restaurant, it is reasonable to infer that Las Delicias requires a wide variety of materials to operate, for example, foodstuffs, kitchen utensils, cooking vessels, cleaning supplies, paper

6

products, furniture, and more. It is also reasonable to infer that some of these materials moved or were produced in interstate commerce."), *adopted by*, 93 F. Supp. 3d 19, 23 (E.D.N.Y. 2015).[2]

With regard to whether Jalas was Plaintiff's employer for FLSA purposes, the Second Circuit has identified the factors to consider as "whether the alleged [individual] employer: (1) had the power to hire and fire employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records." *Irizarry v. Catsimatidis*, 722 F.3d 99, 103-05 (2d Cir. 2013) (citing *Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984)). The touchstone in determining whether an individual is an employer is his "operational control" over employees, meaning whether the individual exercises control over and makes decisions that "directly affect the nature or conditions of the employees' employment." *Id.* at 110.

Plaintiff's allegations regarding Jalas suffice to establish that Jalas was Plaintiff's employer under the FLSA. Plaintiff alleges that Jalas had the sole power to hire and fire all employees, alone supervised Plaintiff's work, and had control over Plaintiff's work schedule and over "the rates and methods of [the] payment of wages and [Plaintiff's] employment… records." Compl. ¶ 70-71;

---

[2] A plaintiff must allege *specific* facts to allow the Court to infer liability rather than relying on mere "labels and conclusions" or a "formulaic recitation of the elements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the Complaint here nearly contains such a "formulaic recitation" insufficient to establish liability, I conclude that the allegations about Saverite's engagement in the supermarket business and Plaintiff's employment as a grocery bagger and warehouse worker suffice to establish that Saverite is an employer for FLSA purposes. *See* Pl.'s Decl. ¶¶ 6; Compl. ¶¶ 3, 7, 12; *see also Cardoza*, 2015 WL 5561033, at *3-4 ("Courts in this District have found recitations of the [FLSA] standard, such as that proffered here by Plaintiffs, to be insufficient to establish liability under the FLSA. . . . However, '[s]ome judges in this district have inferred FLSA coverage from the nature of the employer's business, notwithstanding . . . pleading deficiencies.'") (citations omitted); *see id.* at *4 (finding that allegations of employees "perform[ing] work such as receiving deliveries, stocking shelves, organizing, cutting and packing produce, inventory and other supermarket related tasks" as providing sufficient factual basis that Defendants had employees handling goods in interstate commerce under FLSA).

Pl.'s Decl. ¶¶ 24-26. Although verging on the conclusory, the allegations are sufficient to allow this Court to find on a default judgment motion that Defendant Jalas employed Plaintiff under the FLSA's definition. *See Chuchuca v. Creative Customs Cabinets Inc.*, No. 13-CV-2506 (RLM), 2014 U.S. Dist. LEXIS 164846, at *19-20 (E.D.N.Y. Nov. 25, 2014) (finding that defendant was an employer when plaintiff alleged that the individual-defendant "controlled the terms and conditions of plaintiff's employment at both [businesses] for the entire period at issue.").

Finally, the allegations are sufficient to conclude that Defendant Jalas employed Plaintiff jointly with Saverite. Plaintiff alleges that "Jalas actively managed and… had an ownership interest in Saverite Supermarket." Pl.'s Decl. ¶ 24. The Complaint also states that Jalas "was the 'decision maker' of Corporate Defendant." Compl. ¶ 71. Jalas is thus "a corporate officer with operational control of a corporation's covered enterprise," who "[as] an employer along with the corporation, [is] jointly and severally liable under the FLSA for unpaid wages." *Moon v. Kwon*, 248 F. Supp. 2d 201, 237 (S.D.N.Y. 2002) (quoting *Donovan v. Agnew*, 712 F.2d 1509, 1511 (1st Cir. 1983)) (internal quotation marks omitted). Joint and several liability is also especially appropriate here, where Defendants are in default and the Complaint alleges that Defendants collectively took actions that resulted in Plaintiff's claims. *See, e.g.,* Compl. ¶ 52 ("Defendants continue to violate NYLL § 195.1 to date."); *id.* ¶ 64 ("Defendants failed to pay Plaintiff his proper wage rates…."); *see also Pineda v. Masonry Const., Inc.*, 831 F. Supp. 2d 666, 685–86 (S.D.N.Y. 2011) (finding defendants jointly and severally liable where defendants defaulted, the individual defendant "was an owner, partner, or manager" of corporate defendant, the complaint jointly referred to "Defendants" as liable for various causes of action).

Accordingly, I conclude that Saverite and Jalas were Plaintiff's employers under the FLSA and are jointly and severally liable for any violations. *See Lopez*, 2015 WL 1469619, *7, *14.

### C.      Qualification for Protection Under the NYLL

As with the FLSA, the NYLL covers certain activities or practices affecting employers and employees. The NYLL defines an employer as a "person, corporation, limited liability company, or association employing any individual in any occupation, industry, trade, business or service." NYLL § 190(3). An employee is defined as "any person employed for hire by an employer in any employment." *Id.* § 190(2). Because this definition is similar to the FLSA's definition, "courts use the same tests to determine joint employment under both the NYLL and the FLSA." *Apple v. Atlantic Yards Dev. Co., LLC*, No. 11-CV-5550 (JG), 2014 U.S. Dist. LEXIS 152053, at *18 n.4 (E.D.N.Y. Oct. 27, 2014) (citation omitted).

For the reasons discussed above regarding the applicability of the FLSA, this Court finds that Plaintiff's employment by Defendants falls under the NYLL's definition of employment and that Defendants are jointly and severally liable for any NYLL violations. *See Mahoney v. Amekk Corp.*, No. 14 Civ. 4131 (ENV) (VMS), 2016 WL 6585810, at *9 (E.D.N.Y. Sept. 30, 2016), *R&R adopted*, 2016 WL 6601445 (E.D.N.Y. Nov. 7, 2016) (citation omitted) (concluding that the standards for defining employers are coextensive under the FLSA and the NYLL); *Ansoumana v. Gristede's Operating Corp.*, 255 F. Supp. 2d 184, 189 (S.D.N.Y. 2003) (holding that the NYLL and the FLSA "embody similar standards" with respect to the definition of "employer") (citation omitted).

**D.  Whether Plaintiff's Claims are Timely under the NYLL's and FLSA's Statutes of Limitations**

Plaintiff's claims under the NYLL are clearly timely as Plaintiff's employment began in July 2014 and the NYLL has a six-year statute of limitations. *See* NYLL § 663(3).

Whether his claims are timely under the FLSA, however, is a closer issue. The FLSA generally provides for a two-year statute of limitations for enforcement of its provisions. *See* 29 U.S.C. § 255(a). This limitations period may be extended to three years, however, upon a showing that an employer's violation of the FLSA was willful. *Id*. An employee bringing suit bears the burden of demonstrating that the violations were willful.  *Porter v. New York Univ. Sch. of Law*, 392 F.3d 530, 531 (2d Cir. 2004).

Plaintiff filed this action on April 26, 2017. *See* Compl. at 13. He has moved for default judgment and for monetary remedies against Defendants for conduct that occurred from July 2014 to August 2015.  Pl.'s Decl. ¶ 5, 9. Thus, his FLSA claims for violations that occurred from June 28, 2015, to August 31, 2015, are timely regardless of Defendants' willfulness.  *See* 29 U.S.C. § 255(a). His claims that accrued from July 2, 2014, to August 31, 2014, are only timely if Defendants acted willfully.

The standard for willfulness under FLSA is that "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988).  Plaintiff has alleged that Jalas was aware that he was underpaying Plaintiff.  Plaintiff asserts that "[o]n numerous occasions, [Plaintiff] demanded that Jalas pay [him] the correct amount owed and at the overtime rate" but that Jalas ignored such demands.  Pl.'s Decl. ¶ 13-14; *see Suggs v. Crosslands Transp., Inc.*, No. 13-CV-6731 ARR MDG, 2015 WL 1443221, at *6 (E.D.N.Y. Mar. 27, 2015) (allegations "that defendants refused to compensate plaintiff for overtime despite his repeated complaints," along

with "defendant's default[,] are sufficient to support a finding of willfulness to trigger application of the longer three year FLSA limitations period."). Jalas's payments in cash "as some of the missing wages" also indicates his awareness of wrongdoing. *See* Pl.'s Decl. ¶ 15. Moreover, "[b]ecause the complaint alleges that the violations were 'willful', and defendant has not contested that allegation, plaintiff[, by this fact alone is]… entitled to a finding that defendant's conduct was willful…." *Zepeda v. Hillside Tire Shop, Inc.*, No. 15CV530SLTRML, 2016 WL 5376246, at *2 (E.D.N.Y. June 30, 2016), *report and recommendation adopted*, 2016 WL 5390129 (E.D.N.Y. Sept. 26, 2016); *see* Compl. ¶ 65 ("[T]he various violations of the law which are alleged herein were committed intentionally and willfully by the Defendants."); *see also Suggs*, 2015 WL 1443221, at *6 ("[B]y defaulting, defendant has waived any statute of limitations defense."); *but see Lopez*, 2015 WL 1469619, at *8 (solely conclusory allegations at default judgment stage insufficient to establish willfulness). Thus, Plaintiff has alleged sufficient facts to demonstrate that Defendants were willful and that a three-year statute of limitations should apply to Plaintiff's FLSA claims. Accordingly, Plaintiff is entitled to recover under either FLSA or NYLL.[3]

### E.      Liability and Damages

By defaulting, a defendant admits to all of the well-pleaded allegations concerning liability, but not those pertaining to damages. *Greyhound Exhibitgroup*, 973 F.2d at 158. As stated above, once liability is established as to a defaulting defendant, the plaintiff must still establish damages

---

[3] It is worth noting that, since all of Plaintiff's claims are timely under the NYLL, the calculation of damages would have been the same whether or not Plaintiff's FLSA claims had been timely. *Accord Chen v. Shanghai Tan Rest., Inc.*, No. 14-CV-3435 (LDH), 2017 U.S. Dist. LEXIS 36545, at *14 n.20 (E.D.N.Y. Mar. 13, 2017) (citation omitted) ("Because they are not entitled to a duplicative recovery under both Acts, however, this question is irrelevant to the Court's analysis because under the NYLL's six-year limitations period plaintiffs may recover damages identical to those available under the FLSA."), *adopted by*, 2017 U.S. Dist. LEXIS 50104, at *1 (E.D.N.Y. Mar. 30, 2017).

to a "reasonable certainty." *Credit Lyonnais*, 183 F.3d at 155. Under Rule 55, the Court "may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to . . . determine the amount of damages [or] establish the truth of any allegation by evidence." Fed. R. Civ. P. 55(b)(2).  However, a hearing is not always required, as detailed affidavits and other documentary evidence can suffice. *Sun v. AAA Venture Capital, Inc.*, No. CV 2015-04325 (FB)(MDG), 2016 WL 5793198, at *3 (E.D.N.Y. Sept. 12, 2016) (citing *Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 508 (2d Cir. 1991)), *adopted as modified by*, 2016 WL 5868579 (E.D.N.Y. Oct. 6, 2016).  Here, the Complaint, the Plaintiff's Declaration, and other filings are sufficiently detailed and a hearing is not necessary.

Plaintiff requests monetary remedies for: (1) unpaid overtime and liquidated damages under the FLSA and NYLL; (2) statutory damages for wage notice violations under NYLL; (3) pre-judgment interest under NYLL; and (4) attorney's fees and costs under NYLL and FLSA. Compl. at 17-18; *see also* Default J. Mem. at 7-11, 13-16.

### 1.    Underpaid Overtime Wages

Under both the FLSA and NYLL, employees who work more than 40 hours in a single work week are entitled to an overtime wage of not less than one-and-one-half times the regular rate for the excess hours. *See* 29 U.S.C. § 207(a)(1); 29 C.F.R. § 778.110(a); N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4; *see also Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 200 (2d Cir. 2013) ("[T]he NYLL adopts . . . the FLSA definition of overtime into the NYLL.") (internal quotation marks and citation omitted).

Here, Plaintiff has established that Defendants failed to pay him overtime.  The Damages Calculation Spreadsheet shows the total number of hours Plaintiff worked during each work week, and how much he was paid for that week.  Damages Calculation Spreadsheet.  As seen in

the chart, Defendants failed, for every workweek when Plaintiff worked over forty hours, to pay Plaintiff the premium overtime rate for overtime hours worked. *Id.* For some workweeks, Plaintiff was paid his regular hourly rate for overtime. *See, e.g., id.* (summer 2014 pay periods). For some work weeks, Defendants completely failed to pay for Plaintiff's overtime hours. *See, e.g.*, *id.* (week ending on 7/4/2015). Plaintiff has correctly calculated the total overtime wages owed by adding two products: the number of overtime hours worked where Plaintiff was unpaid multiplied by Plaintiff's overtime wage (1.5 times his regular rate); and the number of overtime hours worked where Plaintiff was paid at his regular rate multiplied by Plaintiff's overtime premium (.5 times his regular rate). *See id.* ("Underpaid" column subtracts how much Plaintiff was owed in total, including overtime pay, from the amount Plaintiff was actually paid); *see also Akhtyrskiy v. Janton Contractors LLC*, No. 16-CV-218 (DLI) (ST), 2017 U.S. Dist. LEXIS 4338, at *17 n.6 (E.D.N.Y. Jan. 10, 2017) (using the same calculation), *report and recommendation adopted* by 2017 U.S. Dist. LEXIS 46032 (E.D.N.Y. Mar. 27, 2017).

The following chart summarizes the results of this calculation:

| Period of Employment | Total OT hours | Overtime Wage Rate | Overtime Underpaid |
|---|---|---|---|
| Summer 2014 | 108 | $13.13 | $472.50 |
| Summer 2015 | 257.55 | $14.25 | $3,420.04 |

Therefore, this Court recommends awarding Plaintiff $3,892.54 in unpaid overtime compensation, as requested by Plaintiff.

## 2.    Liquidated Damages

Plaintiff requests that he be awarded liquidated damages under the NYLL for the periods of underpayment. *See* Default J. Mem. at 10. The NYLL provides for liquidated damages in the amount of actual damages unless an employer "proves a good faith basis for believing that its underpayment of wages was in compliance with the law." NYLL § 198(1-a).

Here, Plaintiff is entitled to liquidated damages because Defendants have defaulted and have thus failed to show that they had any good faith basis for believing that this underpayment to Plaintiff was justified. *See Garcia v. Chirping Chicken NYC, Inc.*, No. 15 CV 2335 (JBW) (CLP), 2016 U.S. Dist. LEXIS 32750, at *46 (E.D.N.Y. Mar. 11, 2016) ("Since the defendants have defaulted and not demonstrated that they acted in good faith in failing to pay overtime to plaintiffs, the Court finds that plaintiffs are entitled to an award of liquidated damages under the FLSA.").  In this case, Plaintiff is entitled to liquidated damages under the NYLL in the amount of his damages for unpaid overtime wages: $3,892.54.

### 3.    Written Notice Violations

Plaintiff also alleges that Defendants are liable for failure to provide a written wage notice in accordance with NYLL § 195(1).  Between April 9, 2011, and December 29, 2014, NYLL § 195(1) required an employer to provide its employees "at the time of hiring" a notice containing information about rates of pay, any allowances or credits taken by the employer, and other information. *Zheng v. Nanatori Japanese Rest. Corp.*, No. 15 CV 1222 (RJD)(RML), 2017 WL 758489, at *5 & n.5 (E.D.N.Y. Jan. 9, 2017), *adopted by*, 15-cv-1222 (RJD) (RML), Dkt. No. 31 (E.D.N.Y. Jan. 31, 2017); *accord Guaman v. Krill Contracting, Inc.*, No. No. 14–CV–4242 (FB)(RER), 2015 WL 3620364, at *4 (E.D.N.Y. May 20, 2015), *adopted by*, 2015 WL 3620364, at *1 (E.D.N.Y. June 9, 2015).  It is well-settled that a failure to furnish a written notice is a violation of the NYLL. *E.g.*, *Zheng*, 2017 WL 758489, at *5.  Plaintiff sufficiently alleges that Defendants did not provide a written wage notice during his summer 2014 employment period.[4]  Pl.'s Decl. ¶ 28. Accordingly, I respectfully recommend that the Court find Saverite and Jalas liable for violating NYLL §§ 195(1).

---

[4] The Complaint generally alleges that "Plaintiff never received and never signed the Wage Notice" without specifying for which term of employment this occurred.  Compl. ¶ 50.  Yet Plaintiff alleges he worked for

NYLL § 198(1-b) provides for penalties for violations of NYLL § 195(1).  The version of NYLL § 198 that was effective during Plaintiff's employment in the summer of 2014 permits an employee to obtain damages for written notices that were not provided to the employee within ten days of the start of his employment. NYLL § 198(1-b) (effective Apr. 9, 2011 to Feb. 26, 2015).  Under this version, an employee should be awarded damages of $50.00 for each work week the violation occurred or continued to occur, up to $2,500.00. NYLL § 198(1-b) (effective Apr. 9, 2011 to Feb. 26, 2015).

Plaintiff never received a written wage notice during his summer 2014 term of employment, as required by NYLL § 195(1).  Violations occurred for 8 consecutive work weeks, beginning 10 days after hiring.  Pl.'s Decl. ¶ 5 (summer 2014 employment spanned from July 2, 2014, to August 31, 2014).  Thus, Plaintiff is entitled to $400[5] in statutory damages for wage notice violations under NYLL § 198(1-b). [6]

### 4.    Prejudgment Interest

Plaintiff seeks prejudgment interest calculated at a rate of 9% per annum on his New York state law claims pursuant to CPLR 5004.  *See* Default J. Mem. at 10; Damages Calculation

---

Defendants "during two *separate* periods in the Summer of 2014 and 2015" and had two separate oral contracts for those two periods.  Pl.'s Decl. ¶¶ 4, 5, 9.  Thus, Defendants were required to provide two wage notices to Plaintiff for those two periods of employment at each "time of hiring" under NYLL §§ 195(1).  Plaintiff's later-filed declaration clarifies that the violation only occurred in the summer of 2014.  Pl.'s Decl. ¶ 28; *see also* Default J. Mem. at 11 ("Plaintiff received the wage notice by § 195.1 in 2015….").  Thus, Defendants are not liable for violating NYLL §§ 195(1) in the summer of 2015.

[5] (Work weeks) * ($50) = 8 * ($50) = $400.  Plaintiff inconsistently requests either $2,500 or $7,500 in statutory wage notice violation damages without properly clarifying the basis for such quantities.  *See* Default J. Mem. at 11 ("Plaintiff is entitled to maximum statutory damages of $2,500 for the year 2014."); Wisniewski Decl. ¶ 14 ("Plaintiff proposes an award for $7,500.00 in statutory damages for Defendants' wage notice violations…. up to a maximum of $2,500.00 until February 26, 2015; and fifty dollars per workday up to a maximum of $5,000.00 thereafter.")  Specifically, Plaintiff fails to explain why he is entitled to damages for the summer 2015 term, when no violations had been alleged for that time, or for time periods beyond Plaintiff's term of employment with Defendants, such as non-summer months in 2014.

[6] Damages for wage statement and written notice violations are not subject to liquidated damages under the NYLL.  *Guaman v. Krill Contracting, Inc.*, 2015 WL 3620364, at *10 (E.D.N.Y. June 9, 2015).

Spreadsheet.  It is well-settled that prejudgment interest is not available under the FLSA. *Fermin*, 93 F. Supp. 3d at 48. However, the Second Circuit has held that liquidated damages and prejudgment interest do not serve the same purpose under the NYLL, so prevailing plaintiffs may recover both on NYLL claims. *Reilly v. Natwest Mkts. Grp. Inc.*, 181 F.3d 253, 265 (2d Cir. 1999).

Under New York law, prejudgment interest is "computed from the earliest ascertainable date the cause of action existed, except that interest upon damages incurred thereafter shall be computed from the date incurred. Where such damages were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date." CPLR 5001(b); *see also Israel v. Benefit Concepts New York, Inc.*, 9 F. App'x 43, 45 (2d Cir. 2001) (summary order) (failing to utilize a single reasonable intermediate date or to calculate from each date damages were incurred "affords the plaintiff a windfall, and hence penalizes the defendant, in contravention of the compensatory purpose of [CPLR] 5001") (citation omitted).  Courts have wide discretion to determine a reasonable date from which to award prejudgment interest. *Conway v. Icahn & Co.*, 16 F.3d 504, 512 (2d Cir. 1994).

Accordingly, I will calculate the 9% per annum simple interest from the date of each wage violation—the end of each workweek when overtime underpayment occurred—up to the date of this Report and Recommendation.  The principal amount for each calculation is the underpayment of overtime, if any, for each work week.[7]  *See* App'x (at the end of this Report

---

[7] The appropriate principal amount of prejudgment interest for a wage-and-hour case under the NYLL is the amount of lost compensation. *See*, *e.g.*, *Sermuks v. Orion Caterers, Inc.*, No. 15 CV 6461 (RJD)(RML), 2017 U.S. Dist. LEXIS 15846, at *19-20 (E.D.N.Y. Feb. 2, 2017). Liquidated damages and statutory damages are not compensatory, and thus a plaintiff may not earn prejudgment interest on those amounts. *See Reilly v. NatWest Mkts. Grp. Inc.*, 181 F.3d 253, 265 (2d Cir. 1999).

and Recommendation).  Therefore, I respectfully recommend that Plaintiff be awarded $1,139.61 in prejudgment interest as of the date of this Report and Recommendation.

### D.       Attorney's Fees, Costs, and Disbursements

####       1.       Attorney's Fees

Plaintiff seeks an award of attorney's fees in the amount of $40,350[8] for 86.90 hours worked. Default J. Mem. at 16-17; Dkt. No. 15-8 at 7[9] (Attorney Time Records).  Both the FLSA and the NYLL authorize the Court to award Plaintiff his reasonable attorney's fees. 29 U.S.C. § 216(b); NYLL § 198.  The same analysis applies to determine the fee under both statutes. *See Mahoney*, 2016 WL 6585810, at *17 (citation omitted).  "Courts in this circuit assess fee applications using the 'lodestar method,' under which a reasonable hourly rate is multiplied by a reasonable number of hours expended." *Gesualdi v. Mack Excavation & Trailer Serv., Inc.,* No. No. CV 09-2502(KAM)(JO), 2010 WL 985269, at *6 (E.D.N.Y. Feb. 12, 2010) (citations omitted), *adopted as modified by,* 2010 WL 985294 (E.D.N.Y. Mar. 15, 2010).

The reasonable hourly rate is "the rate a paying client would be willing to pay," based on the "prevailing [hourly rate] in the community . . . . where the district court sits." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. City of Albany,* 522 F.3d 182, 190 (2d Cir. 2007) (internal quotation marks and citation omitted); *see King v. STL Consulting, LLC,* No. 05 CV

---

[8] Plaintiff has requested for attorney's fees to be doubled in this action, arguing that this is routinely done in FLSA settlement cases and that counsel should be compensated for the risk of taking on contingency FLSA cases.  Default J. Mem. at 15.  The cited FLSA settlement cases, however, required far more extensive efforts by counsel than was needed for this routine default judgment motion.  *See, e.g., Sakiko Fujiwara v. Sushi Yasuda Ltd.*, 58 F. Supp. 3d 424, 430 (S.D.N.Y. 2014) (Their lawyers have expertly guided the case to this point and obtained an excellent settlement for the class."); *Hall v. ProSource Techs., LLC*, No. 14-CV-2502 (SIL), 2016 WL 1555128, at *14 (E.D.N.Y. Apr. 11, 2016) (noting counsel's significant efforts in litigating and settling the case and anticipating further efforts in administering the settlement).  This request to double fees is also inappropriate in view of the simplicity of this case, the experience of Plaintiff's counsel with such cases, and the excessive hours already spent on this action, as detailed in this section.  I would thus recommend declining Plaintiff's request to double attorney fees.

[9] ECF pages shown for this exhibit.

2719(SJ), 2006 WL 3335115, at *7 (E.D.N.Y. Aug. 29, 2006), *adopted by*, 2006 WL 3335115 (E.D.N.Y. Oct. 3, 2006).  A party seeking attorney's fees bears the burden of supporting his claim of hours spent by furnishing accurate, detailed, and contemporaneous time records. *See New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1147-48 (2d Cir. 1983).  A district court has broad discretion to assess the ultimate reasonableness of each component of a fee award. *Lopez*, 2015 WL 1469619, at *12 (citation omitted).

In this case, Plaintiff seeks reimbursement for two attorneys, Robert Wisniewski ("RJW")[10] and Kieran X. Bastible ("KXB"); a pre-admission associate, Diane Bernard ("DDB"); and two legal assistants, Norma Lopez ("LA") and Dorothy Jankowska ("LA3").  Wisniewski Decl. ¶ 16.  All were employed at the law firm of Robert Wisniewski P.C. when the requested fees were incurred.  *Id.* ¶¶ 1, 16.  Mr. Wisniewski is the named principal of the firm, with "23 years of experience in litigating and trying cases in this area." *Id.* ¶ 17.  Mr. Bastible is an associate with "over twenty years' experience in litigation in regional law fir[ms]." *Id.* ¶ 16. Ms. Brenard has a J.D. from Cardozo Law School, Ms. Lopez "has nine years' experience as a paralegal," and Ms. Jankowska "has prepared damages calculations in over one hundred (100) cases." *Id.*  Plaintiff seeks an hourly rate of $450.00 for Mr. Wisniewski, $225.00 for Mr. Bastible, and $125 "for the pre-admission associate and legal assistants."  Default J. Mem. at 14.

Reasonable hourly rates for wage and hours cases in this District have generally been set at approximately $300.00 to $400.00 for partners and $100.00 to $300.00 for associates. *E.g.*, *Saucedo v. On the Spot Audio Corp.,* No. 16CV00451CBACLP, 2016 WL 8376837, at *18 (E.D.N.Y. Dec. 21, 2016), *report and recommendation adopted,* 2018 WL 4347791 (E.D.N.Y. Jan. 23, 2018); *Ferrera v. Tire Shop Ctr.*, No. 14 CV 04657 (FB)(LB), 2016 WL 7626576, at *5

---

[10] Initials as shown in attorney time records.  Wisniewski Decl. ¶ 16.

18

(E.D.N.Y. Oct. 14, 2016), *adopted by*, 2017 WL 27946 (E.D.N.Y. Jan. 3, 2017); *Cortes v. Warb Corp.*, No. No 14-CV-7562 (FB) (RER), 2016 WL 1266596, at *6 (E.D.N.Y. Mar. 15, 2016), *adopted by*, 2016 WL 1258484 (E.D.N.Y. Mar. 30, 2016).  Furthermore, in recent FLSA default judgment cases in this district, Mr. Wisniewski has only been afforded an hourly rate of $350 given the nature and complexity of the action.  *See, e.g.*, *Jean v. Auto & Tire Spot Corp.*, No. 09-CV-5394 ARR RLM, 2013 WL 2322834, at *7 (E.D.N.Y. May 28, 2013); *Banasiewicz v. Olympia Mech. Piping & Heating Corp.*, No. 10-CV-369 SJ, 2012 WL 4472033, at *8 (E.D.N.Y. Aug. 31, 2012), *report and recommendation adopted,* No. 10-CV-369 SJ RLM, 2012 WL 4473074 (E.D.N.Y. Sept. 26, 2012); *Janus v. Regalis Const., Inc.*, No. 11-CV-5788 ARR VVP, 2012 WL 3878113, at *12 (E.D.N.Y. July 23, 2012), *report and recommendation adopted,* No. 11-CV-5788 ARR, 2012 WL 3877963 (E.D.N.Y. Sept. 4, 2012).  I thus recommend an hourly rate of $350 for Mr. Wisniewski's time in this case.

Mr. Bastible's hourly rate of $225 is reasonable in view of his extensive experience and the range of rates typically awarded in this district for wage and hour cases.   *Valdez v. H & S Rest. Operations, Inc.*, No. 14CV4701SLTMDG, 2016 WL 3079028, at *8 (E.D.N.Y. Mar. 29, 2016) (awarding requested rate of $200 per hour in FLSA default judgment case for an associate with 5 years' experience), *report and recommendation adopted,* No. 14CV4701SLTMDG, 2016 WL 3087053 (E.D.N.Y. May 27, 2016); *Cortez v. 8612 Best Coffee Shop Inc.*, No. 13CV3095RRMRML, 2015 WL 10709830, at *9 (E.D.N.Y. Aug. 14, 2015) (adopting hourly rate of $225 for a senior associate with 10 years of experience for a wage and hours case), *report and recommendation adopted,* No. 13CV3095RRMRML, 2016 WL 1559148 (E.D.N.Y. Apr. 18, 2016).

Paralegals and preadmission associates typically receive an hourly rate of $75 in this district for these types of cases.  *See, e.g., Fermin*, 93 F. Supp. 3d at 52; *Gora v. Acer Restorations LLC*, No. CV-13-4776 JBW, 2014 WL 10537433, at *7 (E.D.N.Y. Oct. 8, 2014); *Jean*, 2013 WL 2322834, at *7; *Banasiewicz*, 2012 WL 4472033, at *8.  Consequently, I recommend an hourly rate of $75 for Ms. Brenard, Ms. Lopez, and Ms. Jankowska.

The attorneys and staff spent a combined 86.9 hours working on this case. Dkt. No. 15-8 at 7 (Attorney Time Records).  At the recommended rates above, this would amount to a total of $14,600 of attorneys fees.[11]  Having reviewed the contemporaneous billing records filed with the Court, however, I find the amount of time spent on this case to be excessive.  This is a routine wage and hours default judgment motion and "counsel [should be able to] draw on the experience of litigating many similar cases in this court."  *Koszkos v. Janton Indus., Inc.*, No. 15-CV-1700 (SJ) (JO), 2016 WL 4444329, at *8–9 (E.D.N.Y. Aug. 3, 2016) (finding 76.4 hours excessive for similar case, and reducing fees by 30%), *report and recommendation adopted*, 2016 WL 4444782 (E.D.N.Y. Aug. 23, 2016). *Morales v. B&M Gen. Renovation Inc.*, No. 14CV7290MKBMDG, 2016 WL 1266624, at *12 (E.D.N.Y. Mar. 9, 2016) (finding excessive 63 hours excessive for similar case, and reducing fees by 10%), *report and recommendation adopted,* No. 14CV7290MKBMDG, 2016 WL 1258482 (E.D.N.Y. Mar. 29, 2016).  Moreover, there appear to be "unduly long hours for relatively straightforward tasks and excessive hours for revising and redrafting documents." *Koszkos*, 2016 WL 4444329, at *8.  For example, there seem to be 12 different entries that involve editing and revising the complaint. Dkt. No. 15-8 at 2-7 (Attorney Time Records).  It is also unclear why almost eight hours were spent in preparing

---

[11] 27.7 hours for RJW at $350/hr; 3.1 hours for KXB at $225/hr; 30.3 hours for DDB at $75/hour; 14.5 for LA at $75/hour; and 11.3 hours for LA3 at $75/hour.

discovery requests and disclosures for a case where Defendants have never appeared.  *See id.* at

4.  Under the circumstances, I recommend exercising the Court's "discretion ... to deduct a

reasonable percentage of the number of hours claimed 'as a practical means of trimming fat from

[the] fee application.'" *Kirsch v. Fleet St., Ltd.,* 148 F.3d 149, 173 (2d Cir.1998) (quoting *Carey*,

711 F.2d at 1146).  For cases with similar posture, courts have found a maximum of 55 hours

total to be reasonable.  *See Morales*, 2016 WL 1266624, at *12 (citing cases).  Thus a 30%

reduction in hours seems appropriate, reducing total hours to 60.83.  Accordingly, I respectfully

recommend that Plaintiff be awarded total attorney's fees of $10,220[12] in this case.

### 2.    Costs and Disbursements

Plaintiff also requests $949.76 in costs and disbursements, comprising $400.00 for a

filing fee, $285 for service of process, and the rest for PACER Access, research (including legal

research and a people and business search for locations of Defendants), and postage. *See* Dkt.

No. 15-8 at 8 (Attorney Time Records); Dkt. No. 14 (Memorandum in Support), at 15. Awarding

costs is authorized by the FLSA and the NYLL. 29 U.S.C. § 216(b); NYLL § 198.  Such costs

should be awarded when they are tied to "identifiable, out-of-pocket disbursements." *Jemine v.

Dennis*, 901 F. Supp. 2d 365, 394 (E.D.N.Y. 2012).

Court filing fees and service of process fees are routinely recoverable.  *See Zurita v. High

Definition Fitness Ctr., Inc.*, No. 13 CV 4394 CBA RML, 2016 WL 3619527, at *11 (E.D.N.Y.

June 9, 2016), *adopted by*, 2016 WL 3636020 (E.D.N.Y. June 29, 2016); *Fermin*, 93 F. Supp. 3d

at 52.  Courts have also allowed recovery for PACER access, postage, and legal research in

similar cases.  *Janus*, 2012 WL 3878113, at *13 (PACER access and postage); *Banasiewicz*,

2012 WL 4472033, at *9 (legal research).   Finally, a people and business search for locations of

---

[12] $14,600 * 0.7

Defendants seems appropriate for properly serving documents related to this litigation and in ensuring successful collection efforts, especially in view of the fact that the name of Corporate Defendant Saverite Supermarket was changed after service of the Complaint. *See* Wisniewski Decl. ¶ 15 ("Defendants herein instead of defending the case, changed the name of the store after they had been served with process and appear to be ready to hide assets.").

Accordingly, I respectfully recommend that Plaintiff be awarded $949.76 in costs and disbursements.

## III.    CONCLUSION

For the foregoing reasons, I respectfully recommend that the Court grant Plaintiff Daniel Kliger's motion for default judgment against Defendants Saverite and Jalas and hold them jointly and severally liable for a judgment awarding Plaintiff $20,494.45, comprising: (i) $9,324.70 in damages and prejudgment interest; (ii) $10,220 in attorney's fees; and (iii) $949.76 in costs.

Plaintiff's counsel is directed to serve copies of this Report and Recommendation upon Defendants Saverite and Jalas at their respective last known address and to file proof of service with the Court within ten (5) days of the date of filing of this Report and Recommendation.

## IV.    OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Marcella v. Capital Dist. Physicians' Health Plan, Inc.*, 293 F.3d 42, 46

(2d Cir. 2002); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

**SO ORDERED.**

_____/s/_____
Steven L. Tiscione
United States Magistrate Judge
Eastern District of New York

Dated: Brooklyn, New York
      September 17, 2018

**APPENDIX**

| Pay Period | Underpaid Overtime | Days to Today | 9% Interest to Date[i] |
|---|---|---|---|
| 07/06/14 | $52.50 | 1534 | $19.86 |
| 07/13/14 | $52.50 | 1527 | $19.77 |
| 07/20/14 | $52.50 | 1520 | $19.68 |
| 07/27/14 | $52.50 | 1513 | $19.59 |
| 08/03/14 | $52.50 | 1506 | $19.50 |
| 08/10/14 | $52.50 | 1499 | $19.40 |
| 08/17/14 | $52.50 | 1492 | $19.31 |
| 08/24/14 | $52.50 | 1485 | $19.22 |
| 08/31/14 | $52.50 | 1478 | $19.13 |
| 07/04/15 | $242.25 | 1171 | $69.95 |
| 07/11/15 | $609.19 | 1164 | $174.85 |
| 07/18/15 | $384.75 | 1157 | $109.76 |
| 07/25/15 | $339.20 | 1150 | $96.18 |
| 08/01/15 | $0.00 | 1143 | $0.00 |
| 08/08/15 | $635.84 | 1136 | $178.10 |
| 08/15/15 | $571.43 | 1129 | $159.08 |
| 08/22/15 | $569.72 | 1122 | $157.62 |
| 08/29/15 | $67.72 | 1115 | $18.62 |
| 09/05/15 | $0.00 | 1108 | $0.00 |

**$1,139.61**

TOTAL prejudgment interest to date

---

[i] Interest to Date = (Underpaid Overtime) * ((Days to Today)/(365 days per year)) * .09